## No. 8992.

THE CITY OF NEW ORLEANS VS. J. R. A. GAUTHREAUX ET ALS.

Where, in a suit against the sureties of a sheriff, it is admitted that this officer has collected and failed to pay over on demand, city taxes, exceeding the amount of his bond, under judgments and writs in favor of the city, for part of which amount his sureties are sued; the fact, if true, that the sheriff, as an individual, under private contract has made collections of city taxes, cannot affect the liability of his official sureties in such suit.

Nor, does the exaction of another bond, by the city, in addition to his official bond, in order to secure prompt collections and stated settlements of city taxes, have such effect.

City vs. Gauthreaux et al.

Where a delay is granted the sheriff during the pendency before the Legislature of a bill for his relief, it does not release the sureties for his defalcations occurring subsequent to the expiration of such delay. This Court can give no effect to documentary evidence not offered on the trial and placed in the transcript without the consent of the party or his counsel whom it is designed to effect.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*Blanc & Butler* for Plaintiff and Appellee.

*W. S. Benedict* for Defendants and Appellants.

The opinion of the Court was delivered by

TODD, J.  P. O. Fazende and H. O. Seixas, sureties on the official bond of J. R. A. Gauthreaux, late Civil Sheriff of the parish of Orleans, each for $2500, appeal from a judgment rendered against them as such sureties.

Their answer to the action against them, besides the general issue, contains other defenses, which may be thus summarized:

1. That the money was not collected by Gauthreaux, as sheriff, but as an individual under private contract.

2. That the city, in its contracts with Gauthreaux, exacted from him a special bond to secure the collection and prompt return of the taxes collected.

3. That the city gave time to Gauthreaux, without their consent, to pay his indebtedness and, thereby, released them from liability as sureties.

1st. We find in the record an admission of defendants' counsel that Gauthreaux, sheriff, had collected under judgments and writs in favor of the city and not accounted for on demand, city taxes, not less in amount than $77,463 78.

This sum, thus collected, exceeds the entire amount of the sheriff's bond ($50,000). If any collections were made by him, as an individual under private contract with the city, it certainly was not included in the above amount admitted to have been collected by him as sheriff; and, for such collections alone, the defendants are sought to be made responsible.

Apart from this admission we find no evidence in the record of any contract or agreement which would affect or impair, in the slightest degree, Gauthreaux's responsibilities as sheriff.

2d. The letter of the ordinance requiring an additional bond from Gauthreaux, referred only to the taxes of 1879, which taxes were

settled by Gauthreaux. Apart from this, however, we cannot see that the exaction of another bond from Gauthreaux, by the city, in addition to his official bond, with a view to secure prompt collections and weekly settlements, impaired in any way his liability or that of his sureties on his official bond. In the ordinance requiring the bond, it was declared that such bond was not intended to supersede or affect his bond as sheriff.

3d. In March, 1880, the council instructed the city attorney not to bring suit against the sheriff and his sureties during the pendency of a bill before the Legislature for the sheriff's relief. This action of the council could only refer to the taxes of 1879, for which, as stated above, he settled shortly thereafter. His defalcation was for taxes subsequently collected and was not ascertained until his term of office had expired, some time after the delay was extended to him.

We are asked, in any event, to amend the judgment by allowing credit for payments alleged to have been made by the defendants.

We find that a payment of $1,679 was made by Fazende before judgment in the lower court and a remittance duly entered for the same. There is no evidence we can consider, that shows any further payment by either of the defendants. It is true that we are referred to certain records in the transcript as establishing such additional payment, but these records were not offered in evidence on the trial and, in fact, related to proceedings subsequent in date to the rendition of the judgment of the lower court and even to the appeal, and these documents were placed in the transcript without the consent of the plaintiff's counsel and we must, therefore, decline to give them any further consideration than to make the proper reservations in the decree for the protection of the parties.

The case must be tried here upon the record and pleadings had in the lower court, up to and including the judgment therein rendered.

Tested by these, the judgment was correctly rendered.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs, reserving to the defendants or either of them the right to show what sums, if any, not herein recognized, they may have paid as sureties of Gauthreaux; since the rendition of the judgment appealed from, and to establish in consequence of said payments exoneration from further liability, in case the amounts thus paid equal or exceed that for which they respectively obligated themselves in the sheriff's bond on which they are now sued.